UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK L. MILLER,<br><br>                        Plaintiff,<br><br>v.<br><br>YELLOW PAGES; YP; AT&T ADVERTISING; MCCARTHY, BURGESS & WOLF; YP ADVERTISING LP formerly known as AT&T Advertising L.P. doing business as AT&T Advertising Solutions as Successor In Interest to Pacific Bell Directory; FIRST COLLECTION SERVICES; "800-801-7311"; "844-266-2462"; and DOES 1-500, inclusive,<br><br>                        Defendants. | Case No.: 17cv2264-WQH-JMA<br><br>**ORDER** |

HAYES, Judge:

      On November 6, 2017, Defendants Yellow Pages; YP; AT&T Advertising; YP Advertising LP f/k/a AT&T Advertising d/b/a/ AT&T Advertising Solutions as successor in interest to Pacific Bell Directory; McCarthy, Burgess & Wolf; and First Collection Services (the "removing Defendants") filed a Notice of Removal of Action from the

Superior Court of the State of California, County of San Diego. (ECF No. 1). The Notice of Removal states

> Pursuant to 28 US.C. § 1331, this Court has original jurisdiction of this matter. This matter is one that Defendant may remove to this Court pursuant to 28 U.S.C. § 1441(c) because the action is one arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. More specifically, Plaintiff asserts claims for violations of the United States Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.*

(ECF No. 1 at 3).

While Plaintiff's Complaint references the FDCPA, the Complaint does not bring a cause of action under the FDCPA and only asserts causes of action arising under state law. On April 3, 2018, the Court issued an Order stating:

> The removing Defendants are ORDERED TO SHOW CAUSE why this action should not be remanded for lack of subject matter jurisdiction. The removing Defendants shall file a response to this Order no later than April 25, 2018. If the removing Defendants fail to satisfy their burden of establishing that subject matter jurisdiction exists, this action will be remanded to the Superior Court of the State of California for the County of San Diego where it was originally filed.

(ECF No. 10 at 3) (footnote omitted).

On April 25, 2018, the removing Defendants filed a response to the Order to Show Cause. (ECF No. 11).

## DISCUSSION

In the response to the Order to Show Cause, the removing Defendants contend that subject matter jurisdiction is proper because Plaintiff asserts a claim for relief under the FDCPA and seeks to recover damages under the FDCPA. The removing Defendants contend that "[w]hile Plaintiff has labeled each of his claims as a state law cause of action, these labels are not determinative of jurisdiction" and "Plaintiff has asserted multiple allegations indicating that he seeks relief under the FDCPA." *Id.* at 4. Further, the removing Defendants assert that Plaintiff's claims raise a federal question because alleged violations of the FDCPA form the basis of Plaintiff's state law causes of action.

"Unless Congress has expressly provided otherwise, a defendant may remove to federal court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) (quoting 28 U.S.C. § 1441(a)). "Federal courts are required sua sponte to examine jurisdictional issues." *Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) (quoting *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999)). At any time during proceedings, a district court may sua sponte remand a case to state court if the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 789–90 (9th Cir. 2018) ("In essence, subject matter jurisdiction is the touchstone for a district court's authority to remand *sua sponte*."). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The defendant bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987)). "Federal courts may exercise federal-question jurisdiction over an action in two situations. First and most commonly, a federal court may exercise federal-question jurisdiction if a federal right or immunity is 'an element, and an essential one, of the plaintiff's cause of action.'" *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11 (1983)). "Second, a federal court may have such jurisdiction if a state-law claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing

any congressionally-approved balance of federal and state judicial responsibilities.'" *Id.* (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). "Such a federal issue must be 'a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.'" *Id.* at 1086–87 (quoting *Grable*, 545 U.S. at 313). The "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

In this case, the removing Defendants assert that removal was proper based on federal question jurisdiction. The removing Defendants first contend that Plaintiff asserts a claim for relief under the FDCPA even though "he has labeled each of his claims as a state law cause of action." (ECF No. 11 at 4). Defendants rely on *Cox v. Superior Court*, 205 Cal. Rptr. 3d 188 (Ct. App. 2016) in support of their argument that Plaintiff's labeling of his causes of action is not determinative of jurisdiction. In *Cox*, a state appellate court addressed whether the trial court had the authority to construe a civil complaint filed by a prisoner as a habeas corpus petition. The appellate court stated that "[a] court has authority to treat one type of writ petition as another type when it is procedurally appropriate to do so" but held that "deeming a civil complaint to be a habeas corpus proceeding is not an appropriate remedy to ensure a prisoner's access to court when the civil complaint seeks damages which are inappropriate or unavailable in a habeas corpus proceeding." *Id.* at 191–92.

*Cox* is not binding authority on this Court and is procedurally distinguishable from this case in which the Court must determine whether it can properly exercise federal subject matter jurisdiction based on the allegations of Plaintiff's well-pleaded complaint. Further, Plaintiff clearly identifies each cause of action he asserts against Defendants and all arise under state law. Plaintiff brings the following causes of action: negligence; breach of illusory contract; fraud; violation of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code section 1788, et seq.; violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code section 17200

et seq.; and, intentional infliction of emotional distress. The Complaint does not bring a cause of action under the FDCPA or any other federal cause of action. *See Caterpillar*, 482 U.S. at 392 ("The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1395 (9th Cir. 1988) ("If the plaintiff may sue on either state or federal grounds, the plaintiff may avoid removal simply by relying exclusively on the state law claim").

Further, Plaintiff's state law claims do not raise a federal issue sufficient to confer federal jurisdiction. The "mere presence" of the FDCPA in a state law cause of action "does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813. Plaintiff brings a cause of action under the Rosenthal Act. The California state legislature incorporated provisions of the FDCPA in the Rosenthal Act. *See* Cal. Civ. Code § 1788.17; *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012); *Gates v. MCT Grp., Inc.*, 93 F. Supp. 3d 1182, 1192 (S.D. Cal. 2015). Other district courts in the Ninth Circuit have concluded that a reference to the FDCPA in relation to a cause of action brought under the Rosenthal Act is insufficient to vest a district court with federal question jurisdiction. *See, e.g.*, *Arzaga v. Wells Fargo Bank, N.A.,* No. 16-CV-2505 AJB (WVG), 2016 WL 6698954, at *2 (S.D. Cal. Nov. 14, 2016); *Olson v. Wells Fargo Bank, N.A.*, 961 F. Supp. 2d 1149, 1150 n.2 (C.D. Cal. 2013); *Ortega v. HomEq Servicing*, No. CV 09-02130MMM(DTBX), 2010 WL 383368, at *5 (C.D. Cal. Jan. 25, 2010); *Montano v. World Wide Credit Corp.*, No. 08 CV 1183 JM (RBB), 2008 WL 11337015, at *6 (S.D. Cal. Sept. 30, 2008). Further, the removing Defendants have not established that Plaintiff's causes of action for negligence, breach of contract, fraud, violation of the UCL, and intentional infliction of emotional distress would necessarily raise any federal issue. The Court concludes that Plaintiff's state law claims do not necessarily raise a substantial and disputed

federal issue. Accordingly, federal question jurisdiction does not provide grounds for removal[1] and this Court lacks subject matter jurisdiction over this action.

IT IS HEREBY ORDERED that pursuant to 28 U.S.C. § 1447(c), this action is remanded to the Superior Court for the State of California, County of San Diego, where it was originally filed and assigned case number 37-2017-00037060. The motion to change venue (ECF No. 5) and motion to dismiss (ECF No. 7) are denied as moot.

Dated: May 23, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court

---

[1] Defendants do not contend that diversity jurisdiction would be proper over this action and Plaintiff does not allege facts sufficient to support the exercise of jurisdiction over this action on diversity grounds.